162442 Saeb Mokdad v. Jefferson B. Sessions III at all, arguments not to exceed 15 minutes per side. Mr. Ayad, you may proceed for the appellant. Okay, thank you. Good morning, judges. This is Attorney Nabi Ayad on behalf of Mr. Mokdad, the appellant. It's nice to be before you again, although this time it's by telephonically. In a nutshell, there isn't really much to add to our appellant's brief that we've already submitted. In a nutshell, the district court, we feel erred in indicating that this issue now is moot by a simple letter from the government indicating that Mr. Mokdad is off the no-fly list. In our response to the government's motion to dismiss, we clearly indicated that actually in our complaint we listed that it's not just on the no-fly list or any other such list that would prevent plaintiff from boarding a commercial aircraft. We mentioned that in the actual paragraph six of our complaint. We also mentioned it in our prayer for relief where we asked on subsection B or any other list that prevents plaintiff from exercising his constitutional guaranteed right to travel. We did ask that. We feel that the case is still live and there's a real-life controversy. We feel that this court should make a decision that was made in the Abraham case where the court in the Northern District of California had the government remove the plaintiff, the petitioner, from all of its terrorist watch lists and records. This included the TSDB, TIDE, KSTP, CLAS, TEC, IBIS, Tuscan, Tactics, and any other no-fly or selectee list. Otherwise, Your Honor, we would be playing, as we indicated in our motion, it's a play and a hit the mole and it's just not proper and constitutional in my opinion that the plaintiff has to each and every day, if we were to adopt the judge's decision, each and every day that the government puts someone on a list, they would have to file a new complaint and see which list they're on today. And tomorrow that could change and further on and further on. And lastly, we're not even quite sure if we feel the cessation doctrine applies here because the plaintiff, the same week that we were about to file our response, he was told that he could not board the flight and yet they had to go into their records and we had given him a copy of the, thank God we had given him a copy of the order, basically of the letter from the Justice Department. And then calls were made and again he was stopped at a couple places but eventually he was allowed to fly. So again, you know, we feel the way whether you frame in the context of no-fly, selectee, watch list, these are all in our opinion unconstitutional, unconstitutional of a certain individual without giving them a due process of law as this court has indicated in the previous hearing. Let me ask you counsel, I noticed in your brief you make a statement that he was informed that he is apparently on a list in an airline's computer system that prevents his ability to board an airplane en route to the United States. Is it possible that it's not the government but just some airline list that's preventing him from having this problem? Well your honor, my understanding, and probably the government could comment even more on that, but my understanding is that that list is inputted by the National Terrorist Screening Center, is inputted, given to the TSA to implement it in the computer system. The TSA gives it to the airline industry as to who are on this list. And that's how the individual that's behind the counter is notified. It's on the system. They don't say why he's on that list but he's basically been black marked and they don't allow him to fly. And that's when TSC individuals are called in, sometimes airport police and sometimes other federal agencies. From my history and my dealings with that situation. What relief are you requesting us to do? You want us to remand him back to the district court? We want to remand him to the district court, your honor, yes. And ask for an order to remove him from all lists, not just the no-fly list. Because he's still seeking this type of, what I feel, to the level of harassment, your honor. This is Judge Batchelder. How would we grant that kind of relief when you don't have all of, at least it doesn't appear you have all of the parties necessary to that? Against whom we could enter such an order? Well, we do have the proper party because the proper party is the FBI. They are the individuals that administer that. And they're the only ones that could remove or add an individual from this particular list. So they are the ones that put that into the system. And it's the National Terrorist Screening Center that is, which we named, by the way, the Director of the Terrorist Screening Center, are the ones that administer that list. And the FBI is the one that inputs that information. So they could definitely remove them from all that list. They're the same people that put it on, the same people that take it off. Thank you. Thank you, Judge. This is Judge Gibbons. Can you tell me, the times that you refer to that when your client was questioned, after the government made the representation that he was not on a no-fly list, did those result in his not flying or simply in his being questioned? I'm sorry, Your Honor. If I understand it correctly, your question is that after the government gave us the letter that my client is off that list, he was told he was on a no-fly list that he cannot board, as we indicated in his affidavit as well. And after, I believe, my understanding, my client showed them the letter, they made additional inquiries at which I held them for, I don't know, I put the time in the brief. Which they later allowed him to fly, but, of course, asked him now additional questions and more questions when he arrived for about three hours, I believe it was. Again, which is, from experience, we know that would happen to be the watch list and the screening list, which we call watch list. Thank you. Counsel, do you have anything further you wanted to present at this point? No, nothing further, Judge. Thank you. Thank you. Counsel for the government. Thank you, Your Honor. This is Joshua Waldman from the United States Department of Justice, representing the appellee. The claim that's actually presented in Plaintiff's Complaint is his challenge to his prior no-fly list status and the alleged denial of boarding. That claim is moved because he's not on the no-fly list and will not be placed on the list based on the currently available information. And, therefore, he has no cognizable legal interest at stake here. There's no basis for injunctive relief, removing him from a list he's not on, and there's no basis for declaratory relief about the lawfulness of being put on a list when he's not on the list and won't be put on the list based on the currently available information. But there are a bunch of other lists. And how do we know he's not on those lists? Because there's a terrorist screening center and the FBI may have put him on some other list and he wants to be removed from all lists so he can fly like everybody else. Well, if he has other injuries, they're not injuries that are related to what he said in his complaint. And although he mentioned other lists, they were all with respect to the denial – the complaint was with respect to the denial of boarding. And nothing in his new allegations has anything about denial of boarding. Well, he's held up three or four hours. He's held up when he comes and he goes. Well, first of all, not for three or four hours, Your Honor. The allegations in his affidavit are for 30 and 40 minutes that he was delayed boarding. And although our first argument is those aren't part of this case or this complaint. The case never started or proceeded as something about delays in boarding. It was about denial of boarding, and that's the way this case has proceeded. And the district court here said, you know, you had a chance to amend your complaint if you wanted to. You never sought leave to do so. And while you're free to file a new claim, and we're not arguing he can't file a new case, the court said at this late stage, I'm not going to allow amendments to change the nature of this complaint when all you did was attach a reply in response to a motion to dismiss. That's not a proper way to proceed. So aside from the fact that the injuries he alleges now have nothing to do with the original injuries alleged in the complaint, as was also pointed out, you know, all the lists that he's talking about now are administered by other defendants who are not named in the complaint. And one of the problems the first time around in this appeal was, as this court pointed out, he never named TSA as a defendant, and therefore the claims against TSA had to be dismissed unless TSA was added. The case was remanded. The plaintiff never sought to add TSA as a defendant, hasn't sought to add, for example, the Department of Homeland Security as a defendant. And in the new affidavit, almost none of the claims have any mention of which possible government agency was responsible. And the only one even mentioned in the affidavit is the Department of Homeland Security, which is not a defendant in this case, and the plaintiff never sought to add Homeland Security as a defendant. In addition, since this case started about an injury of denial of boarding, none of those other lists are used by TSA to deny anyone boarding a plane. So for all of those reasons, we think that none of these new allegations are properly part of this case. That's what the district court said, that it was improper to try to add them in an amended complaint, which plaintiff didn't even seek to do. But he's certainly free to file a new action, and that's what the district court said, and we're not contending that now. But none of that changes the fact that the complaint he filed and the injuries he alleged are moot, because he sought to be removed from the no-fly list and complained about the denial of boarding. But he's not denied boarding. He concedes he's not denied boarding, and those claims are now moot. I would add, just as an aside, that even if they were part of this case, he's talking about delays in boarding the aircraft, not the denial of boarding. Delays of 30 and 40 minutes. And just eight days ago, this court in the consolidated Beydoun and Bozzi cases held that those kinds of delays do not implicate any constitutional right or any protected liberty interest under the Due Process Clause. So even if you reach the merits, they would be meritless, but we think they're not properly part of this case in any event. We would also say, Your Honor, just... I'm sorry, was there a question, Your Honor? I guess I'm interested in hearing the appellant's response to your claim. Okay. Well, if there's no further questions for me, I'm happy to rest on the brief then, Your Honor, and ask this court to affirm. But I'm also happy to entertain any other questions the panel may have. It appears we do not have further questions. Okay. Thank you, Your Honor. Rebuttal? Yes, Your Honor. Again, you know, what Brother Counsel is arguing is exactly what we argued. It's called whack-the-mole. I mean, he wants us to amend the complaint to add who? Which party are we going to add? Are we set to sit there and guess which department, which government, or which screening list to add? We don't know, and the judge has not allowed us to amend to conduct discovery to know which list they're on. So we're damned if we do. We're damned if we don't. So, again, we indicated an outbreak, not just the board. And we said in all other lists. It's clear on paragraphs that we said all other lists. And it's very important, Your Honor, to remember, we were on the watch list before to say exactly which watch list we were, because one, we don't know, but we didn't say the word clearly watch list because we weren't on the watch list. We were on a no-fly list. So we couldn't know we were on the watch list until because that didn't even happen. One had to happen before the other. And so there was a no-fly list. Now that they took us off the no-fly list, we're on the watch list. Which watch list? We don't know. The government is telling us to guess. That's just unconstitutional. It's unfair for an individual to sit there and bring a separate complaint against each and every party. It's as if you are arguing that there's a federal agent that is discriminating against you, many different federal agents, and we don't sue the heads of the agency. We just sue different officers whenever they could possibly discriminate against a certain individual. It doesn't make any logical sense for us to go on a fishing expedition as to which maybe is doing it. They know who's doing it. They have the information. Discovery would have revealed that information. And the fact is that for us to sit there and file a complaint, it's the we don't add TSA because TSA is futile. They have no authority. This issue has already been addressed in the prior holding before your honors. It is these defendants that we brought that have the power, that monitor the system, that put the names into the system and can remove the names from the system. So what they're saying is they can put the names in the system. We're not telling you who's putting you in the system. You should go ahead and amend the complaint or make a file a new complaint and take a guess at which agency it is or take a guess at whatever. That's just ridiculous. It's unfair for an individual, a United States citizen, to go through all this. And lastly, I would argue, honors, as the Bay June case, we feel that it was, even though those judges felt that the lower two district court judges made a mistake in ruling that we don't have jurisdiction to argue because of this holding, they did ultimately find that it's not a fundamental due process. However, I will be filing, along with probably other organizations, a motion in bank for consideration in bank on this issue because we do feel, why is it that an individual has to wait three, four hours, an Arab American or a Muslim American, while others could just go freely? It's as if we are going to be, if we go down to Denny's and eat at a restaurant, we have to wait for our order any differently than someone else has to. And I think it is a fundamental right. I think that this is an important case for the entire equation, not just for Arab Americans, but for all Americans, your honor. Well, Mr. Waldman, what I understand, what I understand, Mr. Waldman, to say is not that you have not named the right parties, but that your complaint is that you were denied boarding, not that you were delayed in boarding. And he said you've never alleged that just for a delay, and that's what we're down to now is just delay, not denial. What's your response to that? Well, at the time, we weren't delayed because we didn't get to the second part. The first part was just flat-out denial. They won't let them board. And the fact is that we put in our complaint not just the no-fly list, we set other lists. It's clear on paragraph 6, a list or any other such list that would prevent flight attendants from boarding commercial aircraft. We feel it's a prevention because the individual is continuously questioned for long periods of time, is embarrassed, has to go through all this process in order just to board a plane. And according to what we see already, they told him, you can't even board. So there's, again, multiple lists that this individual is on, and I think really it strikes at the core of what our Constitution prevents, and they're treated differently than any other citizen out there. Panel, are there any further questions? No, I do not have any more. Judge Gibbons? No. Counsel, thank you very much. The case will be submitted. Thank you, Your Honor. And the clerk may dismiss the counsel from the conference. Thank you, Judge. Thank you.